**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLY AVRAHAM,<br><br>        Plaintiff,<br><br>v.<br><br>SPENCER GOLDEN and SARAH MCCLATCHY,<br><br>        Defendants. | Civil Action No.: 18-11795 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Carly Avraham's motion for default judgment, (ECF No. 12), and cross-motions to vacate the entries of default filed by both Defendants, Spencer Golden and Sarah McClatchy, (ECF Nos. 24 and 25). Plaintiff has opposed Defendants' motions, (ECF Nos. 27 and 29), and Defendants have replied to Plaintiff's opposition, (ECF Nos. 30 and 31). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants both Defendants' motions to vacate and denies Plaintiff's motion for default judgment as moot.

## I. BACKGROUND

Plaintiff filed an eight-count Complaint against Golden and McClatchy in this Court on July 18, 2018, asserting claims for tortious interference with contractual relations, intentional infliction of emotional distress, intrusion upon seclusion, defamation, publication of a private fact,

false light invasion of privacy, copyright infringement, and cyberharassment. (ECF No. 1). Plaintiff alleges generally that Golden has engaged in a campaign of online defamation and harassment of Plaintiff, assisted in part by McClatchy, resulting in Plaintiff's termination from two positions of employment, damage to Plaintiff's professional reputation, and Plaintiff's emotional suffering. (ECF No. 1).

Plaintiff requested an entry of default as to Golden on August 29, 2018, (ECF No. 7), and as to McClatchy on September 14, 2018, (ECF No. 10). The Clerk entered default as to Golden on August 31, 2018 and as to McClatchy on September 14, 2018. (Unnumbered docket entries following ECF No. 7 and ECF No. 10). Plaintiff then moved for default judgment as to both Defendants on October 15, 2018, (ECF No. 12), and the Court scheduled a hearing on the motion for January 15, 2019, (ECF No. 13). On the eve of the hearing, counsel for both Defendants entered appearances, (ECF Nos. 14–15, 18), and requested an adjournment of the hearing, (ECF Nos. 16 and 19), to which Plaintiff did not consent, (ECF No. 17). The Court denied the request for an adjournment, (ECF No. 20), and all parties appeared at the scheduled hearing on January 15, 2019, (ECF No. 21). At the hearing, Defendants advised the Court of their intention to file motions to vacate the entries of default. The Court therefore ordered an expedited briefing schedule on the motions to vacate, (ECF No. 22), which are currently before the Court.

Golden argues generally that his failure to appear was the result of improper service, that an order vacating default would not prejudice Plaintiff, and that he has meritorious defenses to Plaintiff's claims, including defenses based on the statutes of limitations. (ECF No. 24-4 ("Golden Br.")). McClatchy also argues that she was not properly served and denies the allegations in the Complaint. (ECF No. 25-3 ("McClatchy Br.")). For the following reasons, the Court grants both motions to vacate.

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Adjudication of a motion to set aside default is left to the discretion of the district court. *Bailey v. United Airlines,* 279 F.3d 194, 204 (3d Cir. 2002). In reviewing such a motion, the Court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012) (quoting *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984)). The Third Circuit has long disfavored defaults and default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default . . . 'so that cases may be decided on their merits.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). The criteria for determining whether to set aside a default judgment or an entry of default are the same, but they are applied more liberally to an entry of default. *Brittingham v. Camden City Police,* No. 05-115, 2007 WL 1723403, at *1 (D.N.J. June 12, 2007).

## III. ANALYSIS

### A. Spencer Golden

#### 1. Meritorious Defense

"The threshold question in setting aside default is whether the defendant has asserted a meritorious defense," which "is established if the 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr., Inc.*, No. 15-309, 2015 WL 3649031, at *2 (D.N.J. June 11, 2015)

(quoting *Perry v. Bruns*, No. 11-2840, 2013 WL 1285302, at \*6 (D.N.J. Mar. 26, 2013)). The Court must take a defendant's allegations as true in considering a motion to vacate default. *Id.* (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Golden asserts statute-of-limitations defenses to Plaintiff's claims for copyright infringement, intentional infliction of emotional distress, intrusion upon seclusion, defamation, publication of a private fact, and false light invasion of privacy. (Golden Br. at 16–20). As to Plaintiff's claim for tortious interference with contractual relations, Golden denies the truth of the allegations in the Complaint. (Golden Br. at 17). Finally, Golden argues that the Florida state law on which Plaintiff bases her cyberharassment claim establishes a mechanism for claimants to file a petition for an injunction in state court, which Plaintiff has not done. (Golden Br. at 20–29).

The Court finds that Golden has met his burden of establishing meritorious defenses to Plaintiff's claims for purposes of his motion to vacate. *See, e.g.*, *St. John Brooklyn, LLC v. Roque*, No. 18-11398, 2018 WL 6050672, at \*2 (D.N.J. Nov. 19, 2018) (vacating entry of default where defendant argued defenses based on, *inter alia*, statutes of limitations and failure to state a cause of action); *Reed v. N.J. State Police*, No. 15-1305, 2015 WL 5821965, at \*2 (D.N.J. Oct. 2, 2015) (same). Accordingly, this factor weighs in favor of vacating the entry of default as to Golden.


2.    **Culpable Conduct**

"In assessing whether the entry of default was caused by a defendant's culpable conduct, the courts look at factors such as whether the entry of default was caused by defendant or defendant's attorney and whether the defendant responded to the entry of default with reasonable promptness." *Perry*, 2013 WL 1285302, at \*7. "More than mere negligence must be

demonstrated;" instead, a defendant's conduct must exhibit "willfulness and bad faith, such as acts intentionally designed to avoid compliance." *1199 SEIU*, 2015 WL 3649031, at *2.

Plaintiff argues that Golden's failure to appear in this action until the eve of the damages hearing was deliberate, and that Golden had actual knowledge of the action at the time it was filed. (ECF No. 27 at 5). Golden argues that he failed to appear because he was improperly served pursuant to Federal Rule of Civil Procedure 4(e) and the governing Florida statute for service of process. (Golden Br. at 9–14). Golden denies knowledge of this action and claims that, not having been properly served, he learned of its existence "by accident" when running a Google search of his own name. (ECF No. 30-1 ¶ 13). Based on Golden's contentions regarding service and his lack of knowledge of this action, the Court cannot find that his failure to respond promptly to the entry of default was so motivated by bad faith as to weigh against a vacatur of the default.

Nevertheless, Plaintiff argues—and Golden does not dispute—that Golden's counsel contacted Plaintiff's counsel on January 9, 2019 to seek Plaintiff's consent to a vacatur of the default—thereby establishing that Golden had actual knowledge of the case and had retained counsel by that date. (ECF No. 27 at 5; ECF No. 26 ¶ 2). However, counsel for Golden did not file an appearance in this action nor request an adjournment of the default judgment hearing until moments before the closure of the Court on the eve of the hearing, scheduled for 10:00 a.m. on January 15. (ECF No. 16). Because of the last-minute nature of the request, the Court denied the request for an adjournment. (ECF No. 20). Plaintiff now seeks an award of fees and costs related to the hearing. (ECF No. 27 at 9). Because Golden's counsel had ample opportunity to contact the Court to request an adjournment at least as of January 9, which likely would have been granted had the Court and the parties been given a reasonable amount of notice, the Court grants Plaintiff's request for an award of attorney's fees and costs associated with her attorney's appearance at the

hearing, subject to Plaintiff's submission of an attorney certification and supporting documentation of the requested fees and costs for the Court's consideration and approval.[1]

### 3.  Prejudice to Plaintiff

"Prejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU*, 2015 WL 3649031, at *3 (quoting *Julaj v. Tau Assocs. LLC*, No. 12-1464, 2013 WL 4731751, at *4 (D.N.J. Sept. 3, 2013)).

Plaintiff claims that an order vacating the default would result in "an increased likelihood of fraud [and] collusion" between Defendants, as well as a "loss of evidence." (ECF No. 27 at 5). According to Plaintiff, "Golden has a history of fraudulent behavior,"—Plaintiff points to, *inter alia*, an indictment for mail fraud and a temporary restraining order against Golden in a Federal Trade Commission action. (ECF No. 27 at 5–6). The Court cannot find for purposes of the motions to vacate that Defendants are likely to conspire to destroy evidence. In the interest of addressing Plaintiff's concerns, the Court reminds all parties that a failure to take reasonable steps to preserve electronically stored information in the course of litigation may constitute grounds for a jury instruction that the information was unfavorable to the party who failed to preserve it, or for the Court's entry of default judgment against that party. *See* Fed. R. Civ. P. 37(e).

Plaintiff does not argue that she would be prejudiced as a result of substantial reliance on the entry of default as to Golden, as it was entered just over five months ago, and the Court has not yet decided on her motion for default judgment. (Unnumbered docket entry following ECF

---

[1] Because the Court grants both motions to vacate, the Court denies Plaintiff's request for an award of fees and costs related to serving Golden, preparing her motion for default judgment, and preparing her opposition to Golden's motion to vacate. (*See* ECF No. 27 at 9).

No. 7). Vacating the default would therefore not set back the case by an unreasonable amount of time. Furthermore, there is no evidence that Golden is judgment-proof. The Court therefore finds that this factor weighs in favor of vacating the default.

### 4. Motion to Dismiss

Golden also argues that the Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Golden Br. at 14–16). Since the Court grants Golden's motion to vacate the entry of default, the Court denies Golden's motion to dismiss at this time without prejudice and with leave to refile within 21 days.

## B. Sarah McClatchy

### 1. Meritorious Defense

McClatchy's motion sets forth a barebones defense that she "will deny any wrongdoing alleged by Plaintiff." (McClatchy Br. at 12). However, McClatchy's reply brief in support of her motion attaches an answer to the Complaint that denies many of the allegations that pertain to her and asserts ten affirmative defenses, including that Plaintiff's claims are barred by statutes of limitations and that the Complaint fails to state a claim. (ECF No. 31-1 at 9–24). As a result, the Court finds that McClatchy has sufficiently raised a meritorious defense and that this factor weighs in favor of setting aside the default.

### 2. Culpable Conduct

Like Golden, McClatchy argues that her failure to appear in this case was the result of improper service. (McClatchy Br. at 13). McClatchy admits that she had actual knowledge of the

action against her following Plaintiff's completion of service on McClatchy's husband, but claims that she failed to appear based on her reasonable belief that service on her husband (who did not reside in her home at the time) was not proper and that she was therefore not required to respond. (McClatchy Br. at 6, 13). McClatchy further attests that she received no notice of Plaintiff's motion for default judgment, and learned of the entry of default against her and the pending hearing date only when "she did an Internet search" on January 8, 2019, a week before the scheduled hearing. (McClatchy Br. at 7, 12; ECF No. 25-1 ¶¶ 9–10). McClatchy retained an attorney on January 14, 2019, who appeared at the hearing the following morning. (McClatchy Br. at 13; ECF No. 21). The Court finds that McClatchy's failure to appear until immediately before the hearing was not a reflection of willfulness or bad faith, and therefore determines that this factor also weighs in favor of vacating the default.

Plaintiff also seeks an award of attorney's fees and costs from McClatchy given the lack of alternative sanctions to remedy McClatchy's delay. (ECF No. 29 at 12). Unlike Golden, however, McClatchy managed to retain counsel only one day before the hearing. And unlike Golden's counsel, McClatchy's attorney requested an adjournment from the Court within hours of learning about the case and the hearing. (ECF No. 19). The Court therefore denies Plaintiff's request for damages from McClatchy covering fees and costs.


3.      **Prejudice to Plaintiff**

Finally, the Court concludes that Plaintiff would not be prejudiced by vacatur of the default as to McClatchy for the same reasons stated above with respect to Golden. Plaintiff argues that vacating default as to McClatchy will give McClatchy, "a sophisticated individual who is the owner of a search engine optimization company . . . an opportunity to alter or destroy evidence."

(ECF No. 29 at 10–11). McClatchy disputes this characterization of her and her business, and maintains that she has no plan to tamper with evidence or to collude with Golden. (ECF No. 31 at 9–10). Plaintiff does not argue that she is prejudiced as a result of substantial reliance on the entry of default, and she does not claim that McClatchy is judgment-proof. Again, therefore, the Court finds that Plaintiff has not demonstrated that an order vacating the default at this early stage of the proceedings would prejudice her claims, and reminds the parties of their obligations pursuant to Federal Rule of Civil Procedure 37(e).

\* \* \*

On balance, these factors weigh in Defendants' favor, and the Court finds that both Defendants have demonstrated good cause to vacate the entries of default. Because the Third Circuit has "repeatedly . . . stated [its] preference that cases be disposed of on the merits whenever practicable," the Court grants Defendants' motions. *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).


## IV. CONCLUSION

For the foregoing reasons, both Defendants' motions to vacate the entries of default are granted, and Plaintiff's motion for default judgment is denied as moot. An appropriate Order accompanies this Opinion.


Dated: February 19th, 2019

_____
JOSE L. LINARES
Chief Judge, United States District Court

9